IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Thomas K. ARCHIE, Attorney at Law.

Supreme Court

*No. 94–2516–D. Filed April 28, 1995.*

(Also reported in 531 N.W.2d 320.)

PER CURIAM.   *Attorney disciplinary proceeding;
attorney's license suspended.*

This is a review of the referee's findings of fact and
conclusions of law concerning the professional miscon-
duct of Attorney Thomas K. Archie and the
recommendation that the court suspend Attorney
Archie's license to practice law in Wisconsin for six

months as discipline for that misconduct and order him to make restitution to those harmed by it. That misconduct occurred between 1990 and 1994 and consisted of his repeated failure to keep clients reasonably informed of the status of their legal matters and exercise reasonable diligence and promptness in representing them, his failure to protect their interests when he terminated their representation and his failure to cooperate with and, in one instance, his misrepresentation to the Board of Attorneys Professional Responsibility (Board) during its investigation of client grievances.

We determine that the recommended license suspension is appropriate discipline to impose for Attorney Archie's professional misconduct established in this proceeding. Much of that misconduct was the result of his having discontinued the practice of law because of personal problems without advising his clients that he would no longer represent them in ongoing legal matters and taking reasonable steps to protect their interests in those matters. By so doing, Attorney Archie chose to ignore his professional obligation to those whose representation he had undertaken, leaving them unaware that they no longer had legal representation. The seriousness of that misconduct and the extent of the harm it caused to his clients warrant the suspension of Attorney Archie's license to practice law for six months and the requirement that he make restitution.

Attorney Archie was admitted to practice law in Wisconsin in 1988 and practiced in the Milwaukee area. He has not been the subject of a prior disciplinary proceeding. The referee, Attorney Jean DiMotto, made findings of fact based on his no contest plea to the Board's complaint and his stipulation.

Beginning in the summer of 1993, Attorney Archie began to ignore the attempts of several of his clients to contact him concerning the status of their legal matters. He did not respond to their telephone calls or letters and in the fall of that year closed his law office without notifying them. He did not return files to his clients in order that they might obtain other counsel to represent them in pending matters and did not refund unearned retainers he had obtained from them.

In two instances, Attorney Archie settled clients' personal injury claims but failed to pay all of their medical bills from the amounts he collected. In another matter, Attorney Archie failed to appear on a client's behalf at sentencing, with the result that the client was arrested on a bench warrant, spent a day in jail and had to post $500 bail. Attorney Archie also refused to provide a client an accounting of his services and refused to enter the courtroom for a hearing on the client's motion for modification of a child support order unless the client first paid his fee for that appearance.

After unsuccessfully attempting to communicate with Attorney Archie by letter concerning grievances it had received from his clients concerning his conduct, the Board personally served him in January, 1994 with a notice to appear at an investigative meeting. Attorney Archie did not attend that meeting and did not return client files as the notice specified but he did deliver a letter to the Board the following day stating that he had discontinued his law practice and gave the Board a number of client files. In that letter, Attorney Archie misrepresented to the Board that he had sent payment of a client's medical bill the preceding day. Attorney Archie did not respond to subsequent letters from the Board.

The referee concluded that Attorney Archie's failure to act with reasonable diligence and promptness in representing his clients violated SCR 20:1.3[1] and his failure to keep them reasonably informed of the status of their matters and comply with their requests for information violated SCR 20:1.4(a).[2] Also, his failure to return files, property and unearned retainers to clients when he ceased representing them violated SCR 20:1.16(d)[3] and his failure to provide two clients accountings of his services violated SCR 20:1.5(c).[4]

---

[1] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.4 provides, in part:

**Communication**
(a)   A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[3] SCR 20:1.16 provides, in part:

**Declining or terminating representation**
. . .
(d)   Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[4] SCR 20:1.5 provides, in part:

**Fees**
. . .
(c)   A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or other law. A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or

Finally, Attorney Archie's failure to cooperate with the Board in its investigation of his misconduct violated SCR 21.03(4)[5] and 22.07(2)[6] and his misrepresentation to the Board concerning his payment of a client's medical bill violated SCR 20:8.1(a)[7] and 20:8.4(c).[8]

percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and if there is a recovery, showing the remittance to the client and the method of its determination.

[5] SCR 21.03 provides, in part:

**General principles.**
. . .
(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[6] SCR 22.07 provides, in part:

**Investigation.**
. . .
(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

[7] SCR 20:8.1 provides, in part:

**Bar admission and disciplinary matters**
An application for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
(a) knowingly make a false statement of material fact;

As discipline for that misconduct, the referee recommended that the court suspend Attorney Archie's license to practice law for six months and require him to make restitution in specified amounts to five clients. In making that recommendation, the referee considered as mitigating factors Attorney Archie's acknowledgement of the seriousness of his misconduct, his sincere expression of remorse for it and his desire to remedy any harm it caused. The referee rejected Attorney Archie's request that the six-month license suspension be made in part retroactive to the suspension from practice he incurred in October, 1993 for his failure to pay State Bar dues, as the referee found no evidence that his failure to pay those dues was intended to operate as a self-suspension for his misconduct. The referee also rejected his request that a cap be placed on the amount of costs of this proceeding to be assessed against him.

We adopt the referee's findings of fact and conclusions of law and determine that the recommended license suspension is appropriate discipline to impose for Attorney Archie's professional misconduct established in this proceeding. We also accept the referee's recommendation regarding restitution.

IT IS ORDERED that the license of Thomas K. Archie to practice law in Wisconsin is suspended for a period of six months, commencing June 1, 1995, as discipline for professional misconduct.

---

[8] SCR 20:8.4 provides, in part:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

IT IS FURTHER ORDERED that within 60 days of the date of this order Thomas K. Archie make restitution to those clients and in the amounts specified in the referee's report filed in this proceeding.

IT IS FURTHER ORDERED that within 60 days of the date of this order Thomas K. Archie pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Thomas K. Archie to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Thomas K. Archie comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.