IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Thomas K. ARCHIE, Attorney at Law.

Supreme Court

*No. 96–2649–D. Filed November 15, 1996.*

(Also reported in 555 N.W.2d 378.)

PER CURIAM. We review, pursuant to SCR 21.09(3m),[1] the stipulation of the Board of Attorneys Professional Responsibility (Board) and Attorney Thomas K. Archie concerning Attorney Archie's professional misconduct and the discipline to be imposed for it. Attorney Archie failed to pay clients' medical bills out of personal injury settlements he had received and deposited into his trust account, did not provide clients with written settlement statements of his disbursal of settlement funds, failed to account for and properly disburse funds to several clients and disbursed their funds to himself, used his client trust account as a personal checking account and failed to produce trust account records required by court rule.

We adopt the findings of fact and conclusions of law set forth in the parties' stipulation concerning Attorney Archie's professional misconduct and determine that the stipulated one-year license suspension is appropriate discipline to impose for that misconduct. Attorney Archie's misconduct, in part, is a repetition of similar misconduct for which he was disciplined previously. His misuse of client funds held in his trust

---

[1] SCR 21.09 provides, in pertinent part:

**Procedure.**

...

(3m) The board may file with a complaint a stipulation by the board and the respondent attorney to the facts, conclusions of law and discipline to be imposed. The supreme court may consider the complaint and stipulation without appointing a referee. If the supreme court approves the stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline. If the supreme court rejects the stipulation, a referee shall be appointed pursuant to sub. (4) and the matter shall proceed pursuant to SCR chapter 22. A stipulation that is rejected has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the board's prosecution of the complaint.

account and inability to account for the ownership of those funds constitute serious breaches of his fiduciary duty to his clients in respect to monies received on their behalf.

Attorney Archie was admitted to practice law in Wisconsin in 1988 and practiced in the Milwaukee area. The court suspended his license for six months, effective June 1, 1995, as discipline for repeatedly failing to keep clients informed of the status of their legal matters and exercise reasonable diligence and promptness in representing them, failing to protect client interests when he closed his office and ceased to represent them, and failing to cooperate with and making a misrepresentation to the Board during its investigation of client grievances. *In re Disciplinary Proceedings Against Archie*, 192 Wis. 2d 71, 531 N.W.2d 320 (1995). In addition to that license suspension, the court ordered Attorney Archie to make restitution to several clients whose medical bills he failed to pay out of settlement amounts he collected on their behalf. Attorney Archie has not petitioned for reinstatement and his license remains suspended.

In this proceeding, the parties stipulated to the following misconduct. In 1991, Attorney Archie received a $3300 check in settlement of a personal injury client's claim. After disbursing a one-third contingency fee to himself, payment to an ambulance service and $1170 to the client, Attorney Archie retained $807 to pay a medical bill of the client. In January, 1995, the clinic obtained a judgment against the client, as that bill remained unpaid, and Attorney Archie was unable to account for the balance of the client's funds. When he closed his trust account in 1994 upon terminating his legal practice, Attorney Archie assumed that any remaining funds in that account

were his fees and disbursed all of them to himself, including the personal injury client's balance.

The parties stipulated that Attorney Archie's failure to disburse the balance of the settlement proceeds to the client violated SCR 20:1.15(b)[2] and his retention of those funds upon closing his trust account constituted dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).[3] Also, his failure to provide the client with a written settlement statement upon conclusion of the client's matter violated SCR 20:1.5(c).[4]

---

[2] SCR 20:1.15 provides, in pertinent part:

**Safekeeping property**

. . .

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[3] SCR 20:8.4 provides, in pertinent part:

**Misconduct**
It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[4] SCR 20:1.5 provides, in pertinent part:

**Fees**

. . .

(c) A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or other law. A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, litigation and other expenses to be deducted

An audit of Attorney Archie's trust account for the period July, 1991 to the time it was closed in 1994 disclosed that approximately $966 of a second personal injury client's settlement proceeds remained unaccounted for. In all, the audit disclosed that $3125 was unaccounted for and not properly disbursed in respect to those two personal injury cases and two others that were the subject of the prior disciplinary proceeding. The parties stipulated that Attorney Archie thereby violated SCR 20:1.15(b).

While winding down his practice and closing his trust account, Attorney Archie wrote 12 checks totaling $4585 to himself and to others for personal purposes on funds in his trust account. None of those checks was attributed to any particular client matter. When he closed that account, Attorney Archie was aware that two of his clients had filed grievances with the Board and that their unpaid medical bills remained outstanding and funds were on deposit in his trust account to pay them. It was stipulated that Attorney Archie retained from the funds remaining in his trust account $2317 to which he was not entitled, as that money belonged to three of the personal injury clients. The parties stipulated that the improper disbursement of those funds to himself constituted dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).

The trust account audit also showed that Attorney Archie had been using that account as a personal checking account, frequently depositing settlement

from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and if there is a recovery, showing the remittance to the client and the method of its determination.

checks for personal injury clients on which he wrote checks to pay various personal expenses. He would also deposit into that trust account checks for legal fees he already had earned, on which he then would write checks for personal expenses. His commingling of personal funds with client funds in his trust account and using that account as a personal checking account violated SCR 20:1.15(a).[5]

During its investigation of these matters, the Board asked Attorney Archie for his trust account records, but he was able to produce only an incomplete ledger book that in many instances did not indicate to which client a particular deposit or disbursement related. The ledger kept no running balance of funds on deposit for a given client and did not record all trust account transactions. Attorney Archie did not keep the trust account records required by SCR 20:1.15(e).[6]

---

[5] SCR 20:1.15 provides, in pertinent part:

**Safekeeping property**

(a) A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c) maintained in a bank, trust company, credit union or savings and loan association authorized to do business and located in Wisconsin, which account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import, and no funds belonging to the lawyer or law firm except funds reasonably sufficient to pay account service charges may be deposited in such an account.

[6] SCR 20:1.15 provides, in pertinent part:

**Safekeeping property**

. . .

(e) Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation. Complete records shall include: (i) a cash receipts journal, listing

In addition to the one-year license suspension as discipline for that misconduct, the parties stipulated that Attorney Archie be required to make restitution to the former client in the matter first described above. Implicitly, the other personal injury clients whose medical bills were not paid with funds belonging to them in Attorney Archie's trust account either have been repaid the amount to which they were entitled or were the object of the court's prior disciplinary order requiring Attorney Archie to make restitution.

IT IS ORDERED that the license of Thomas K. Archie to practice law in Wisconsin is suspended for a period of one year, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Thomas K. Archie make restitution as specified in the stipulation of the parties on file in this proceeding.

IT IS FURTHER ORDERED that within 60 days of the date of this order Thomas K. Archie pay to the Board of Attorneys Professional Responsibility the costs of this

the sources and date of each receipt, (ii) a disbursements journal, listing the date and payee of each disbursement, with all disbursements being paid by check, (iii) a subsidiary ledger containing a separate page for each person or company for whom funds have been received in trust, showing the date and amount of each receipt, the date and amount of each disbursement, and any unexpended balance, (iv) a monthly schedule of the subsidiary ledger, indicating the balance of each client's account at the end of each month, (v) a determination of the cash balance (checkbook balance) at the end of each month, taken from the cash receipts and cash disbursement journals and a reconciliation of the cash balance (checkbook balance) with the balance indicated in the bank statement, and (vi) monthly statements, including canceled checks, vouchers or share drafts, and duplicate deposit slips. A record of all property other than cash which is held in trust for clients or third persons, as required by paragraph (a) hereof, shall also be maintained. All trust account records shall be deemed to have public aspects as related to the lawyer's fitness to practice.

proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Thomas K. Archie to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Thomas K. Archie comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.